### COMMONWEALTH vs. BARNEY DOHERTY.

On a trial for breaking and entering a dwelling-house, with intent to commit a rape, the government may prove the effect of the force upon the person violated.

In such a trial, the defendant has no ground of exception to an instruction that the jury must convict or acquit of the entire charge.

In such an indictment, it need not be alleged that the defendant "then and there" intended to commit the rape, nor need the offence of rape be fully and technically set forth.

INDICTMENT against the defendant for breaking and entering the dwelling-house of Lucy Perkins, in the night time, with intent to commit the crime of rape. The indictment charged " that the defendant at Holyoke, in the county aforesaid, on the 29th day of August, now last past, in the night time of said day, with force and arms, did break and enter the dwelling house of one Lucy Perkins, there situate, with intent to [omitting 'then and there'] commit the crime of rape, &c."

At the trial in the court of common pleas it appeared that on the night of the 29th of August, 1851, the defendant, with John Looney and William Caton, broke and entered said dwelling-house; that said Looney and William secured Eunice Morey, and forced her up stairs, and then upon her person committed the crime of rape, in said house.

The government further offered evidence tending to show that the said Eunice was injured and made sick by the force and violence so done to her person; that this was on Friday night; that she went to the house of her brother-in-law, about a mile, on Saturday night, attempted to get home and was not able to, and continued unwell and sick till Sunday after, from injuries she so received, and had a physician to visit her.

The defendant objected to any evidence to show the effect of the violence upon her after the time it was inflicted, but the evidence was admitted; to which the defendant excepted.

At the close of the charge to the jury, the foreman inquired of the presiding judge if it was competent for the jury to find the defendant guilty of a part of the charge, viz: of breaking and entering only, if they should not find that he broke and

entered with the intent charged, namely, to commit the crime of rape.   The judge, *Byington*, J. instructed them that they could not find him guilty of the breaking and entering, unless they also found him guilty of breaking and entering with the intent charged ; that they must acquit of the whole charge, or convict of the whole charge.   The jury convicted the defendant, and he filed a bill of exceptions.

The defendant also moved in arrest of judgment, because the indictment was bad and insufficient in law, which motion was overruled.

*E. W. Bond*, for the defendant.

1. The time and place where the rape was intended to be committed, should have been set forth in the indictment.   The allegation of time and place, " then and there " should be repeated to every material fact which is issuable and triable. *Rex* v. *Holland*, 5 T. R. 620, 625–6 ; 1 Chit. Crim. Law, 198; 1 Chit. Plead. 257, 260 ; 1 Russ. on Crimes, (7th. Am. ed.) 828.

2. The indictment should have set forth the felony intended to be committed, in technical language, and as fully as though the defendant had been indicted for actually committing the felony; and so are all the precedents.   1 Chit. Crim. Law, 244.

This objection was not made in *Tully* v. *Commonwealth*, 4 Met. 357, and therefore that case is no authority in favor of an indictment like the present one.   The reasoning of the court in that case goes very strongly to show that this indictment is bad.

3. The evidence which was admitted in the court below was *incompetent.*

4. The instructions of the court to the jury that they could not convict of part of the offence charged, and acquit of part, were erroneous.   *Commonwealth* v. *Hope*, 22 Pick. 1.

*Clifford*, (attorney-general,) for the commonwealth.

DEWEY, J.   I. There is no ground for the exception taken to the admission of the evidence, tending to show the effects of the alleged violence upon the person of Eunice Morey, after the time it was inflicted.

II. The instructions to the jury that unless they found the

5 *

defendant guilty of breaking and entering with the intent charged, they must acquit of the whole charge set forth in the indictment, was sufficiently favorable to the defendant, as it precluded any conviction upon the evidence, unless the jury were satisfied that it established the guilt of the party in the aggravated form charged.

III. The defendant after verdict, has moved in arrest of judgment, for various causes by him assigned.

1. Because it is not alleged in the indictment where the defendant intended to commit a rape.

The more usual forms do allege the intent "then and there," to commit the felony set forth in the indictment, although there are many exceptions in the books of precedents, as in indictments for assault with intent to maim; an assault with intent carnally to know a female child under the age of ten years; an assault with intent to rob; and an assault with intent to steal from the person; with no averments of "then and there" as to the intent. Davis's Precedents, 65, 67, 68. It was held in *King* v. *Philipps*, 6 East, 464, that it is sufficient to allege an evil intent, where such intent is necessary to constitute such act a crime, in the prefatory part of the indictment, and in that case it was thus stated, and the time and place was stated only in connection with the positive acts charged to be done.

The case of *Commonwealth* v. *Tully*, 4 Met. 357, was in similar form, and liable to the like objection, and though a writ of error was brought, seeking to reverse the judgment for defects in the indictment in the manner of charging the offence, no objection of this kind was taken or supposed to exist. See also *Regina* v. *Page*, 9 Car. & Payne, 756, upon this point.

As it seems to the court, the time and place, the "when and where," the defendant is accused of intending to commit a rape, is plainly set forth in this indictment. In a case like the present, the various allegations including the alleged intent, all refer to the allegation of time and place first stated.

It may differ in that respect from many other cases of allegations of a series of distinct overt acts, all essential to the

commission of the offence. Here the only positive act charged as done by the party, was the breaking and entering the dwelling-house of Lucy Perkins, in the night time; the further matter, the evil intent charged, was but the statement of purpose of mind he had at the time of breaking and entering the house, and the obvious meaning of the indictment is to refer that purpose, and the proposed manner of effecting it, to the same time and place as that of the breaking and entering of the dwelling-house.

It will be seen by reference to treatises on Criminal Pleading, that the strictness of the rule requiring time and place to be alleged as to every new and distinct fact alleged in an indictment, was one established in *favorem vitæ*, whereas in indictments for misdemeanors, if time and place be added to the first act alleged, it shall be construed equally to refer to all the ensuing acts. Archbold's Crim. Plead. Indictments, 12.

The court are of opinion that the judgment ought not to be arrested for this cause.

2. The second ground for the motion in arrest is, because the crime of rape, which the defendant is alleged to have intended to commit, is not fully and technically set forth.

The position taken by the defendant assumes that the felony intended to be perpetrated by one making a burglarious entry, is to be technically charged. But this is not so. From the very nature of the case in many instances, the charge in its formal details could not be given. Suppose the alleged intent were to commit a larceny, but of what particular goods, or the property of what particular individual, it could not be known unless the theft was actually perpetrated.

A general intent to steal goods would complete the offence, and the averment of such intent without more is sufficient; the crime was complete by the breaking and entering with an intent to steal goods. Opinion of the court by *Shaw*, C. J. in *Josslyn* v. *Commonwealth*, 6 Met. 239.

The case just cited raised this question, whether it was absolutely requisite to allege the intent in the language of the statute. The alleged intent there was " the feloniously stealing, taking, and carrying away the goods of Charles F. Fogg,"

and the objection to the indictment was that it had departed from the language of the statute, which was " with intent to commit the crime of larceny." The defendant there insisted that the only proper form of indictment was to adopt the words of the statute, as is done in the present case. But the court held that the words used were tantamount to an allegation of an " intent to commit the crime of larceny."

The case of *Tully* v. *Commonwealth*, 4 Met. 357, already referred to, was that of an indictment similar in form to the present, charging the breaking " with intent to commit a larceny." This was assumed to be a good indictment, as to the allegation of the intent, and the objections to the indictment were of a different character.

Considering the nature of this statute offence, that it is the actual breaking and entering a dwelling-house in the night time, with intent to commit murder, rape, larceny, &c., and that nothing more is necessary than such *intent*, the party not being charged, or to be punished on this indictment for the actual commission of a rape ; the court are of opinion that judgment ought not to be arrested because the crime of rape is not more fully and technically set forth in the indictment.

*Exceptions overruled.*